**THE ZUPPA FIRM PLLC**

**1205 Franklin Avenue
Suite 350
Garden City, New York 11530**

RAYMOND J. ZUPPA
**(516) 280-9833**
**rayzuppa@thezuppafirm.com**

October 7, 2020

The Honorable Nicholas G. Garaufis
United States District Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: **Government Employees Insurance Company v. Trinity Medicine P.C., Kamal A. Tadros M.D.  Index No.: 20-cv-03080**

Dear Judge Garaufis:

As per the Court's Individual Motion Practice *Rule IV.A(2)* I am writing to schedule a pre-motion conference on behalf of Defendants Kamal Tadros MD and Trinity Medicine P.C. for leave to make a motion under *F.R.C.P. Section 12 (b)(6)*. This is a statutory motion of right. *Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647 (2d Cir. 1987).

I have written much of this letter before in response to almost identical boilerplate complaints. This complaint – in classic GEICO Rule 11 be damned style – solely consists of bare naked assertions masquerading as factual pleadings. Yet this is RICO which is governed by the heightened federal pleading standards for fraud and plausibility.

> Under *Rule 12(b) (6),* the well-pleaded material allegations of the complaint are taken as admitted; but conclusions of law or **unwarranted deductions of fact** are not admitted. This principle applies with even greater force in a fraud case governed by the more stringent pleading requirements of *Fed R. Civ. P. 9(b)*.

*First Nationwide Bank v. Gelt Funding Corp,* 27 F.3d 763, *771 (2nd Cir. 1994) (emphasis added) (citations omitted)

"'To survive a motion to dismiss, a complaint must contain sufficient **factual matter**, accepted as true, to state a claim to relief that is plausible on its face.'" *Sarmiento v. United States*, 678 F.3d 147, 152 (2d Cir. 2012*)* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))(Emphasis added). "A pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.' **Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement**.'" *Iqbal*, 556 U.S. at 678 (citations omitted) (Emphasis added).

1

"A claim has facial plausibility when the plaintiff pleads **factual content** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citations and internal quotation marks omitted) (Emphasis added). The district court is "not bound to accept as true **a legal conclusion couched as a factual allegation**." <u>Id</u>. (Emphasis added)

Meanwhile fraud pleadings, including fraud based RICO are subject to the heightened particularity standards set forth in <u>F.R.C.P. Rule 9(b)</u>. <u>Anatian v. Coutts Bank (Switzerland) LTD</u>., 193 F.3d 85 (2d Cir. 1999) "To avoid dismissal, a RICO claim that asserts fraud as the injury-producing predicate act must … allege the fraud with the required particularity." <u>Moore v. PaineWebber, Inc.,</u> 189 F.3d 165, 169 (2d Cir. 1999)

This complaint totally ignores <u>F.R.C.P. Rule 9(b)</u> and the case law that requires heightened detailed particularity in fraud cases.  The complaint also ignores the plausibility standard applicable to the enterprise element and instead resembles the notice pleading standard one would expect to find in a New York State motor vehicle accident case.

The Complaint has two main theories of liability like most boilerplate GEICO actions.  The first one is so called "fraud in the incorporation."  The following pleadings represent the strongest pleading one can find in the whole complaint – there are some boiler plate pleadings that equal their strength but none stronger.  We go to the heart of the pleadings. Under the heading "**The Fraudulent Incorporation of Trinity Medicine**" the complaint pleads:

> 98. In or about 2016 [a whole year is not specific] Dr. Tadros "sold" his license to the Management Defendants [which includes unknown "John Does"], and permitted them to unlawfully operate and control Trinity Medicine – a medical professional corporation which Dr. Tadros previously incorporated on January 21, 2014 – as the main medical practice at the Avenue N Clinic.

There is more of this "sound and fury signifying nothing" in the heavily larded complaint – 119 pages and 519 paragraphs until we come to the lettered paragraphs – but nothing that is stronger: just bald naked assertion and factually barren conclusions that repeat over, over and over again.

The Plaintiff loves to blather about irrelevancies like the fact that they sued Defendant Walter Gromshkov once before – (See generally paragraphs 61-71; 66).  First the referenced complaint was and remains mere speculative allegation and will always remain mere allegation.  As it so happens I represented Mr. Gromshkov in that case and given the end result of the case, GEICO's use of this case in these pleadings is smarmy bad faith.  If the Court likes I can give a full description of what went on in that case and **the outcome of that case**.

GEICO maintains that "Gromshkov's control over the patient base at the Elmont Clinic was evidenced by … thousands of dollars of payments to Starmed from bodily injury lawyers" and "thousands of dollars of payments to Starmed from litigation funding companies." (68-69) The undersigned made the point in motion practice related to a motion by a non-party to quash:

2

> To sum it up further the Amended Complaint alleges [identical to this complaint] that the Gromshkov Defendants: 1) created and illegally owned the Defendant medical providers; 2) designed the fraudulent medical treatment/billing protocol for the Defendant Medical Providers and other unnamed medical providers, practicing in multiple medical disciplines, totaling "110 separately named healthcare providers."; 3) submitted the fraudulent bills under the medical providers names to GEICO and other insurers; 4) took the bulk of the money that GEICO paid the medical providers for themselves ...  (See Amended Complaint in General)
>
> For GEICOs theory to work we would have to see insurance company dollars go to the medical provider defendants and then flow to the Gromshkov Defendants from the medical provider defendants in large amounts above and beyond the payment of rent.
>
> GEICO has subpoenaed the following: the full corporate bank records for Starmed; the bank records for a personal account held by Walter Gromshkov; records and testimony from a host of third parties – mostly attorneys and none of them Defendants – who had the temerity to pay Starmed for services no matter how nominal in the big picture. GEICO has also received from the Gromshkov Defendants the bank records for another personal bank account of Walter Gromshkov.
>
> Despite the above extended fishing expedition – the type of insurance company behavior that led one Judge to deem it "a financial proctology exam"[1] – GEICO cannot show/demonstrate money flow from the Provider Defendants to the Gromshkov Defendants beyond nominal rent.  As a result GEICO has resorted to morphing and miscasting their Amended Complaint …

In sum GEICO had nothing as witnessed by the outcome of the case.  And Gromshkov was always open about the fact that they were not only landlords but had a side business of preparing medical files for bodily injury attorneys and cases.  Hence the above payments from attorneys.

The Fraud in the Incorporation theory in this Complaint is dead upon arrival.

Plaintiffs' next theory of liability fails for the same reasons.  It basically consists of the following pled against multiple Defendants known as "the Examination Defendants" (the complaint is riddled with pellet holes from the "shotgun" pleadings) as to examinations – and every medical service under the sun – 1) it was "medically unnecessary" and 2) part of a "fraudulent protocol" developed by the "Management Defendants."   3) GEICO tells us what proper examinations should be without any factual enhancement – it is that way simply because GEICO says so.  It is disguised as factual but it is just naked assertion without factual enhancement or corroboration.  GEICO's opinion. Then we have 4) factually barren contradictory conclusions that the examinations were not properly performed in conclusory fashion as if GEICO was there when the examinations were given.  GEICO Omni potently tells us the severity of the patient's

---

[1] *Nexray Medical Imaging v. Allstate Insurance Co.*, 39 Misc. 3d 1237(A), 2013 NY Slip Op 50910(U) ***13 (District Court of New York, First District, Nassau County 2013)

problems – not even moderate according to GEICO; how long the examinations took – not long enough according to GEICO.

There are no relevant factual pleadings.  GEICO does not allege it witnessed the treatment; it spoke to patients about treatment; or that Dr. Tadros stated the above at the Examinations Under Oath he appeared at. (143-197 general)  There is more – Outcome Assessment testing (198-210) – but it consists of the same speculative factually vacant pleadings – "medically unnecessary."

I know all about the tidal wave of Eastern District case law denying motions to dismiss insurance company RICOs and even saying such motions should be met by sanctions. I am not impressed. Those cases deal with other pleadings – not the pleadings in this case. They have never gone through the scrutiny of an appeal. Furthermore, the deluge of EDNY cases is not controlling. The pleading standards set forth by the United States Supreme Court and the Second Circuit are controlling.  How these type RICOs proliferate defies intelligent reason.

I cannot possibly even summarize the malaise that is the Complaint.  The abuse of RICO by the well-heeled to extort such things as small business and environmental organizations is an affront. As such I am going to beseech this Court to show me the pleadings that lift this Complaint above the threshold fraud and plausibility standards and tell us how – according to Supreme Court law. If that cannot be credibly done dismiss this wretched Rule 11 violation.

With Much Respect

*Raymond Joseph Zuppa*
Raymond J. Zuppa

4