

**MICHAEL A. SIRIGNANO**
PARTNER
(516) 357-3073
michael.sirignano@rivkin.com

October 13, 2020

**VIA ECF**
Honorable Nicholas G. Garaufis
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Government Employees Ins. Co. v. Trinity Medicine, P.C. et. al.*
            Docket No.: 1:20-cv-03080 (NGG)(JO)
            RR File No.: 005100-2810

Dear Judge Garaufis:

Plaintiffs (collectively "GEICO") respectfully submit this letter in response to Defendants Trinity Medicine, P.C. ("Trinity Medicine") and Kamal A. Tadros, M.D.'s ("Dr. Tadros") (collectively, the "Trinity Medicine Defendants") application for a pre-motion conference in advance of a putative motion to dismiss pursuant to F.R.C.P. 12(b)(6). See Docket No. 28. The Trinity Medicine Defendants' proposed motion lacks any merit and is at complete odds with well-established precedent of this Court.

The Trinity Medicine Defendants' main premise for the proposed motion is that GEICO's Complaint consists of "bare naked assertions masquerading as factual pleadings." While the Trinity Medicine Defendants offer much bluster and hyperbole in their pre-motion letter, any fair reading of GEICO's Complaint demonstrates that it contains abundant, detailed, factual assertions relating to the Defendants' scheme to submit fraudulent no-fault insurance charges to GEICO from a purported medical clinic located at 5506 Avenue N, Brooklyn (the "Avenue N Clinic") – a clinic from which GEICO received billing for alleged treatments rendered to its insureds from a "revolving door" of more than 50 separately named healthcare providers. See Docket No. 1, ¶¶ 1-4.

Notably, the Trinity Medicine Defendants neglect to discuss even a single case of the many similar to this one – involving fraud schemes in which laypersons illegally own and control healthcare professional corporations and use them to exploit patients' No-Fault benefits for financial gain – in which the judges of the Eastern District have repeatedly upheld the plaintiff-insurers' pleadings as sufficient to state a claim for relief for, among others, violation of RICO and common law fraud. See Allstate Ins. Co. v. Ahmed Halima, 2009 U.S. Dist. LEXIS 22443 (denying the layperson defendants' motion to dismiss and holding that the plaintiff-insurer's pleadings satisfied Rule (9)(b)).[1] Given the

---

[1] See, also, Liberty Mut. Ins. Co. v. Excel Imaging, P.C., 2012 U.S. Dist. LEXIS 86303 at *55-*69 (E.D.N.Y. 2012); State Farm Mut. Ins. Co. v. Eastern Medical, P.C. et al, 2010 U.S. Dist. LEXIS 163736 at *6; Allstate Ins. Co. v. Valley Physical Med. & Rehab., P.C., 2009 U.S. Dist. LEXIS 91291 at * 8 - * 27 (E.D.N.Y. 2009); State Farm. v. Grafman, 655 F. Supp. 2d 212, 224-231 (E.D.N.Y. 2009); State Farm. v. CPT Med. Servs., P.C., 2008 U.S. Dist. LEXIS 71156 at * 32 - * 52 (E.D.N.Y. 2008); Gov't Emples. Ins. Co. v. Parkway Med. Care, P.C., 2017 U.S. Dist. LEXIS 24994 (E.D.N.Y. 2017), adopted 2017 U.S. Dist. LEXIS 43171 (E.D.N.Y. 2017); Allstate Ins. Co. v. Lyons, 2016 U.S. Dist.

abundance of precedent involving similar fact patterns of No-Fault fraud, as acknowledged by the Trinity Medicine Defendants, judges in the Eastern District have warned of possible sanctions for making a frivolous motion to dismiss, or suggested that the motion should not be made since it would likely be denied. See e.g., GEICO v. Koyfman, Docket No. 10-CV-5869 (ENV)(Judge Vitaliano warned defendants that his preliminary analysis suggested that the motions were frivolous, and that sanctions would be imposed against the defendants and their attorneys if the motions did indeed prove frivolous); GEICO v. Yutsis, et al., Docket No. 11-CV-631 (FB)(Judge Block indicated he was likely to deny defendants' motion to dismiss).

The Trinity Medicine Defendants blithely dismiss the numerous decisions from judges in this District as "unimpressive" and suggest that each of the judges erred in applying the pleading standards set forth by the United States Supreme Court and the Second Circuit. The Trinity Medicine Defendants are apparently also "unimpressed" by applicable state case law – since they fail to discuss any of the decisions prohibiting unlicensed laypersons from controlling professional medical corporations. Indeed, as recently re-affirmed by the NY Court of Appeals in Andrew Carothers, MD, PC, v. Progressive Ins. Co., 33 N.Y.3d 389, 393 (2019), "[b]y statute, regulation, and the common law, the corporate form cannot be used as a device to allow nonphysicians to control the practice of medicine." See also State Farm Mut. Auto. Ins. Co. v. Mallela, 4 N.Y.3d 313 (2005).

The Trinity Medicine Defendants resort to vague, irrelevant, and scattershot arguments in an attempt to argue that GEICO's allegations fail to meet the particularity requirements to state a fraud or RICO cause of action. However, even a cursory review of GEICO's Complaint reveals meticulously detailed allegations regarding a scheme involving unlicensed laypersons (the "Management Defendants"), healthcare professionals (the "Nominal Owner Defendants') and professional corporations (the "Provider Defendants") that operated from the Avenue N Clinic. GEICO's Complaint contains *page after page* of detailed allegations that Trinity Medicine and other Provider Defendants were fraudulently incorporated, owned, and controlled by the Management Defendants, including Walter Gromshkov ("Gromshkov"). See Docket No. 1, ¶¶ 52-80. Consistent with these allegations, the Complaint describes how Dr. Tadros and the other Nominal Owner Defendants did not establish their own practices at the Avenue N Clinic, but rather "walked" into the Avenue N Clinic with its own pre-existing patient base, which was created and controlled by the Management Defendants. See Docket No. 1, ¶¶ 55-63. The Complaint also describes how Dr. Tadros and the other Nominal Owner Defendants did not advertise or market their association with the Avenue N Clinic to the general public; and how the Nominal Owner Defendants did nothing to attract patients or create a patient base for their alleged "practices" at the Avenue N Clinic. See Docket No. 1, ¶¶ 55-57.

As described in detail in the Complaint, the Management Defendants gained control of the Avenue N Clinic through Gromshkov's corporation, APlus Mediservice, which is the primary leaseholder at the Avenue N Clinic. See Docket No. 1, ¶¶ 60-71. The Management Defendants created and controlled the patient base at the Avenue N Clinic while purporting to be mere landlords in order to avoid detection of the illegal scheme. The Trinity Medicine Defendants obviously do not agree

---

LEXIS 124383 (E.D.N.Y. 2016), adopted 2016 U.S. Dist. LEXIS 138033 (E.D.N.Y. 2016); Liberty Mut. Ins. Co. et al v. Ellina Matskina, L.Ac. et al., E.D.N.Y. Case No. 1:14-cv-01330-BMC.

with GEICO's allegations regarding the illegal, layperson control over the Avenue N Clinic and the professional services, claiming (through their counsel's own, unsupported assertions) that Gromshkov is a landlord with a legitimate "side business" preparing medical files. This claim, however, flies in the face of GEICO's detailed factual allegations that Gromshkov was paid thousands of dollars from bodily injury lawyers and litigation funding companies; procured and owned all types of medical equipment; maintained logs that tracked patients; had desk personnel associated with him who directed all patient care; and with billing and treatment records indicating that the treatments were not reflective of independent medical judgment by healthcare professionals concerned with patient care, but instead reflected protocols designed to maximize profits without regard to care. See Docket No. 1, ¶¶ 52-80.  Further, the Complaint is replete with detailed explanations, including excerpts from examination reports, of ways in which the treatment provided by the Trinity Medicine Defendants was not reflective of independent medical judgment, but instead evidenced control by non-physicians executing a scheme to defraud GEICO involving fraudulent examination reports and numerous misrepresentations regarding the necessity and nature of the services purportedly rendered at the Avenue N Clinic – where Gromshkov was supposedly a mere landlord with an innocent "side business." See Docket No. 1, ¶¶ 137-210.

Contrary to the Trinity Medicine Defendants' less-than-believable assertion about Gromshkov's "side business," the Complaint plainly satisfies Rule 9(b) and supports fraud and RICO claims that the Provider Defendants were fraudulently incorporated and illegally controlled by laypersons.  See Eastern Medical, supra; Grafman, supra (denying motions to dismiss RICO and common law fraud claims predicated on substantially similar allegations of fraudulent licensure); Halima, supra (substantially similar allegations that unlicensed individuals used licensed physician as a figurehead to illegally own and control professional corporation held sufficient in post-Twombly context); see also CPT Med. Servs., P.C., supra; Valley Physical Med. & Rehab., P.C., supra (denying motion to dismiss RICO and common law fraud claims predicated on similar allegations).

Finally, GEICO has set forth in detail that the NF-3 billing forms submitted by the Trinity Medicine Defendants were false and misleading in that they uniformly misrepresented, among other things, that the Provider Defendants were lawfully licensed, despite being unlawfully incorporated, owned and controlled by the Management Defendants; and that the services billed through the Provider Defendants were medically necessary. See Docket No. 1, ¶¶ 362-375. These allegations are supported by over 800 pages of exhibits that list the fraudulent charges submitted by the Defendants to GEICO in furtherance of their scheme, including 47 pages of claims submitted through Trinity Medicine.  These exhibits, in conjunction with GEICO's allegations, are sufficient to meet the pleadings standards of Rule 9(b) in that they specifically identify which Provider Defendant the charge was submitted through, the claim number associated with the charge, the date the charge was submitted to GEICO, the date of service and the billing code associated with the charge, and the total charge amount. Id. at Ex. "1"- "7"; see Allstate v. Halim, supra at *17-*20.

The Trinity Medicine Defendants' proposed motion, at best, seeks to dispute GEICO's detailed allegations – but disputing GEICO's allegations is insufficient and improper to support a motion to dismiss. The putative motion, therefore, is futile.

Judge Nicholas G. Garaufis
October 13, 2020, Page 4

                                      Respectfully submitted,

                                      RIVKIN RADLER LLP
                                              /s/
                                      Michael A. Sirignano

cc:     All counsel via ECF