

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**MICHAEL A. SIRIGNANO**
PARTNER
(516) 357-3073
michael.sirignano@rivkin.com

April 14, 2021

**VIA ECF**
Honorable Magistrate Judge Roanne L. Mann
United States District Court,
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Government Employees Insurance Company v. Trinity Medicine, P.C. et. al.*
            Docket No.:  1:20-cv-03080 (NGG)(JO)
            RR File No.:  005100-02810

Dear Judge Mann:

This firm represents Plaintiffs (collectively "GEICO" or "Plaintiffs") in the above-referenced matter.  Pursuant to Local Rule 37.3(c), and Your Honor's Individual Rules Plaintiffs respectfully move for an order compelling Defendants NY Chiropractic Rehabilitation, P.C. ("NY Chiro Rehab") and Diana Vavikova, D.C. ("Vavikova") (collectively, "Defendants") to (i) produce the documents Defendants agreed to provide in response to GEICO's First Request for Production of Documents and (ii) provide verifications from NY Chiro Rehab and Vavikova for Defendants' previously served unverified responses to GEICO's First Set of Interrogatories to each Defendant.

In this action, GEICO alleges that Defendants defrauded Plaintiffs of approximately $316,000 by submitting, or causing to be submitted, fraudulent No-Fault insurance charges relating to medically unnecessary, illusory, and otherwise unreimbursable healthcare services, which were the product of a scheme perpetrated by Defendants at a purported medical clinic located at 5506 Avenue N, Brooklyn, New York.  In furtherance of the scheme, unlicensed laypersons controlled the medical clinic, "bought" the licenses of healthcare professionals, and implemented fraudulent, predetermined treatment protocols so that Defendants, among others, could exploit the "No-Fault" insurance system and defraud insurers.

Plaintiffs' document demands and interrogatories were initially served on January 13, 2021.  Copies of these discovery demands are annexed hereto as Exhibit "A".  As shown below, Defendants belatedly served written responses to the document demands and unverified responses to the interrogatories but produced none of the documents that Defendants indicated in their responses would be produced.  Plaintiffs have made repeated good faith efforts to obtain compliance --- but nothing has been provided.  In particular:

- Plaintiffs extended Defendants' time to respond to the discovery demands by four weeks, to March 12, but Defendants did not provide responses on that date, stating instead to Plaintiffs that due to an oversight responses would be provided "by Friday", *i.e.*, March 19.

66 South Pearl Street
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777



Honorable Magistrate Judge Roanne L. Mann
April 14, 2021
Page 2

- No responses were served on March 19; instead, on March 22, Defendants served written responses without verification of the interrogatories, stating that "verification of the interrogatory responses will be sent out this week.", *i.e.*, sometime before March 26.
- In further response to Plaintiffs' inquiry, Defendants indicated they would produce digital copies of most of the documents "by early next week" (*i.e.*, March 29 or 30) and that patient files could be viewed at their offices or arrangements could be made for scanning.
- On March 29, Plaintiffs followed up without obtaining a response.
- On March 31, Plaintiffs again followed up but were advised to wait until "next week", *i.e.*, sometime during the week of April 5.
- On April 5, Plaintiffs followed up again and Defendants indicated that the verifications and documents "should be coming this week", *i.e.*, before April 9.

Plaintiffs have made repeated, good faith efforts to confer with Defendants in an attempt to obtain the outstanding discovery, but have been continually put off by promises of Defendants that have gone unfulfilled. Plaintiffs' demands were served in January and it seems plain that, at minimum, Defendants should produce the documents they agreed in writing that they "will produce" and the executed verifications to the interrogatories, all without further delay so that discovery can proceed (along with preparation for the Court's upcoming settlement conference on May 6th.).

Plaintiffs' discovery requests, at least to the extent of those that Defendants responded to, are relevant and material to this action. See Oppenheimer Fund Inc. v. Sanders, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978). In addition, the value of the discovery sought outweighs and is in proportion to any cost or burden of its production. See Fed. R. Civ. P. 26(b)(1); see also In re Weatherford International Securities Litigation, 2013 WL 2355451, at *5 (S.D.N.Y. Mar. 28, 2013).

Under the circumstances, Plaintiffs' respectfully request an order directing Defendants to promptly (i) produce the documents Defendants agreed to provide in their response to GEICO's First Request for Production of Documents and (ii) provide verifications from NY Chiro Rehab and Vavikova for Defendants' previously served unverified responses to GEICO's First Set of Interrogatories to each of the Defendants.

We thank the Court for its continuing attention to this matter.

                                                        Respectfully submitted,

                                                        RIVKIN RADLER LLP

                                                        ***s/ Michael A. Sirignano***

                                                        Michael A. Sirignano

MAS/lg
cc:      All Counsel of Record (by ECF)